IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ERIE INSURANCE PROPERTY &
CASUALTY COMPANY,

                Plaintiff,

v.                                          CIVIL ACTION NO.   5:14-cv-15256

GC PERRY CONSTRUCTION GROUP, INC.,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Motion of Robert Kiblinger, Jr. and Jennifer Kiblinger for Intervention as of Right, or in the Alternative, for Permissive Intervention* (Document 8) and accompanying *Memorandum in Support* (Document 9), Erie Insurance Property & Casualty Company's *Response to Motion of Robert Kiblinger, Jr,. and Jennifer Kiblinger for Intervention as of Right, or in the Alternative, for Permissive Intervention* (Document 10), as well as the Kiblingers' *Reply in Support* (Document 11). For the reasons set forth more fully below, the Court finds that the Kiblingers' motion should be granted.

        **I.**        **FACTUAL AND PROCEDURAL BACKGROUND**

Erie Insurance Property & Casualty Company (Erie) filed a *Complaint for Declaratory Relief* (Document 1) against GC Perry Construction Group, Inc. (GC) on April 23, 2014. Erie alleges that GC purchased a "Fivestar Contractors Policy of insurance from Erie, Policy # Q26-6320039, which was in effect from February 13, 2007 through February 13, 2008, and which was subsequently… renewed for additional consecutive policy periods from February 13, 2008 to

February 13, 2009." (Document 1 at 2.) Erie further alleges that on or about February 2007, Robert and Jennifer Kiblinger (together, the "Kiblingers") contracted with GC to build a home at Glade Springs Resort in Daniels, West Virginia for $968,312.00. (*Id.*) Erie asserts that on or about April 21, 2009, the Kiblingers filed suit against GC in the Circuit Court of Raleigh County, West Virginia, alleging breach of contract, fraud, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, concealment, conversion, contribution, indemnification, duress and extortion. (*Id.*)

Erie alleges that GC hired its own legal counsel and did not inform Erie of the suit until almost four and a half (4 ½) years after the filing of the complaint. (*Id.* at 3.) As a result, Erie initiated suit in this Court, alleging that GC violated the terms of the insurance policy by failing to give it notice "as soon as practicable" of the occurrence(s) underlying the complaint, as well as failing to provide notice "as soon as practicable" of the state court action. (*Id.* at 5.) Erie seeks the following relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq*.: "(1) [a] declaration to the effect that there is no coverage for the underlying civil action against Erie's insured under the policy; (2) [t]hat Erie be awarded its attorney's fees and costs in prosecuting this action[,]" and any further relief that this Court deems just and proper. (*Id.* at 6.)

On May 20, 2014, GC filed a *pro se* request/motion seeking, in addition to other relief, a ninety (90) day extension of time to answer Erie's complaint for declaratory relief.[1] (Document 5 at 1-2.) GC represented that it has been a defunct corporation since at least 2009, and that it was struggling financially to retain counsel to defend the declaratory action. (*Id.*) On June 4, 2014, this Court issued an *Order* (Document 7) granting GC's motion in part. The Court gave GC an

---

1  GC not only requested additional time to secure counsel, it also requested that the Court deny Erie's request for a declaratory judgment and attorney's fees. (*See* Document 5 at 4-5.)

additional period of time to retain counsel, and further held in abeyance its request for judgment on the declaratory action and/or attorney's fees issues. (Document 7 at 2.)

Thereafter, on June 6, 2014, the Kiblingers, through counsel, filed their *Motion for Intervention as of Right, or in the Alternative, for Permissive Intervention* (Document 8) and accompanying *Memorandum in Support* (Document 9). Erie filed its *Response in Opposition* (Document 10) on June 16, 2014, and the Kiblingers filed their *Reply in Support* (Document 11) on June 23, 2014.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 24 states, in relevant part,

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(1)-(2). Timeliness is an important concern in motions to intervene, and the Fourth Circuit instructs that "[a] reviewing court should look at how far the suit has progressed, the prejudice which delay might cause other parties, and the reason for the tardiness in moving to intervene." *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989) (citations omitted). The Fourth Circuit has interpreted, in *Teague v. Bakker*, that "Rule 24(a)(2) entitle[s] an applicant to intervention of right if the applicant can demonstrate," the following:

> (1) an interest in the subject matter of the action;

3

> (2) that the protection of this interest would be impaired because of the action; and
>
> (3) that the applicant's interest is not adequately represented by existing parties to the litigation.

931 F.2d 259, 260 (4th Cir. 1991) (citing *Virginia v. Westinghouse Elec. Corp.,* 542 F.2d 214, 216 (4th Cir. 1976)). Concerning the third prong, the Fourth Circuit emphasized the "Supreme Court's determination that the burden on the applicant of demonstrating a lack of adequate representation 'should be treated as minimal.'" *Teague*, 931 F.2d at 262 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)).

### III. DISCUSSION

In support of their motion, the Kiblingers argue they are entitled to intervene as a matter of right because they have an interest in the subject litigation that would be impaired due to inadequate representation by GC.[2] (Document 9 at 2-4.) Erie argues in opposition that the Kiblingers should not be allowed to intervene as a matter of right or permissively. Erie asserts that GC is adequately representing and protecting the Kiblingers' interest(s) in this action, and thus, intervention as a matter of right is inappropriate. (Document 10 at 3-5.) Erie next argues that the Kiblingers should not be allowed to permissively intervene because "there is no common question of law or fact and permissive intervention is unnecessary." (*Id*. at 6.)

The Kiblingers' reply focuses on the *Teague* test, and proclaims that Erie has conceded that the first two elements of that test are present and satisfied. (Document 11 at 2.) Regarding the third element, whether the applicant's interest is not adequately represented by existing parties to the litigation, the Kiblingers point out that GC stated in its motion/request for an extension of time

---

2  The Kiblingers argue, in the alternative, that if they are not entitled to intervene as a matter of right, then they should be granted permissive intervention. (Document 9 at 4.)

4

that it is no longer a registered business or incorporated in the state of West Virginia, and does not currently have legal counsel due to financial hardship and may not be able to retain effective counsel. (Id. at 3.) The Kiblingers stress that an unrepresented, defunct, corporate defendant who doubts its ability to retain counsel "cannot be held capable of adequately protecting its own interest in this action, let alone the interest of the Kiblingers." (*Id*. at 3-4.)

The Court finds that the Kiblingers' motion to intervene should be granted. First, the Kiblingers timely filed their motion to intervene. A review of the docket indicates that Erie's declaratory complaint was filed on April 23, 2014, and that the only Defendant, GC, still has time to obtain counsel to defend the action, based on the deadline set forth in the Court's previous order. Thus, the intervention would not result in any delay in the declaratory action or result in any prejudice to the existing parties. Second, the Court finds that the Kiblingers have a substantial interest in the current litigation. They claim that GC breached the contract for construction of an approximately one million dollar home and, further, that GC "has claimed that it does not have assets with which to pay any substantial judgment should the Kiblingers prevail." (Document 9 at 3-4.) Therefore, if Erie were successful in its declaratory action, the Kiblingers apparent interest — recovery against GC and/or Erie — would be greatly impaired or impeded.

With respect to the issue of whether the Kiblingers' interests are adequately represented by the existing parties, clearly their interests are not aligned with those of Erie. Further, just as in *Teague*, it is undisputed that the Defendant insured, GC, has limited financial resources and may very well be without legal representation in this matter. Moreover, given its admitted defunct posture and its financial situation, GC's incentive to aggressively defend this declaratory action may be compromised. Lastly, this Court underscores the *Teague* court's recognition that the

5

"burden on the applicant of demonstrating a lack of adequate representation 'should be treated as minimal.'" *Id.* (internal citation and quotation omitted).

It is clear from the parties' written submissions and the applicable case law that the Kiblingers have a substantial interest in the subject litigation that would be impaired or impeded by a ruling in Erie's favor, and that said interest(s) would not be adequately represented or protected by the existing parties, Erie and/or GC. Thus, the Kiblingers are entitled to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2).

## CONCLUSION

Accordingly, and after careful consideration, the Court **ORDERS** that the *Motion of Robert Kiblinger, Jr. and Jennifer Kiblinger for Intervention as of Right, or in the Alternative, for Permissive Intervention* (Document 8) be **GRANTED**. The Clerk is **DIRECTED** to add Robert Kiblinger, Jr. and Jennifer Kiblinger as defendants in the above-styled civil action.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record, to counsel for the Kiblingers, Marvin W. Masters, The Masters Law Firm, 181 Summers Street Charleston, West Virginia 25301, and to any unrepresented party.

ENTER: July 2, 2014

*[signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA